## C. J. Tower & Sons v. United States

**No. 5725.**—Invoices dated Aurora, Canada, July 19, 1941, etc.
Entered at Buffalo, N. Y., July 22, 1941, etc.
Entry No. 433, etc.

(Decided October 6, 1942)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney),
for the defendant.

OLIVER, Presiding Judge:   The appeals to reappraisement listed
in schedule A, hereto attached and made a part hereof, have been
submitted for decision upon the following stipulation of counsel for
the parties hereto:

It is hereby stipulated and agreed by and between the attorneys for the parties
hereto, subject to the approval of the court, that the facts and the issues involved
in the appeals to reappraisement set forth in schedule A hereto annexed and
made a part hereof, are the same in all material respects to the facts and issues
involved in *F. W. Myers & Co., Inc.* v. *United States*, Reap. Dec. 5607.

That foreign value, as that value is defined in Section 402 (c) of the Tariff Act
of 1930, is the appraised value less any additions made by the importer by reason
of the Canadian sales tax and that the export value of said merchandise is no
higher.

It is further stipulated and agreed that the record in Reap. Dec. 5607 be in-
corporated as a part of the records in the appeals to reappraisement set forth in
schedule A and that the said appeals to reappraisement are hereby submitted
on this stipulation.

On the agreed facts I find the foreign value, as that value is defined
in section 402 (c) of the Tariff Act of 1930 as amended, to be the
proper basis for the determination of the value of the merchandise
here involved, and that such values are the appraised values, less any
additions made by the importer by reason of the Canadian sales tax.

Judgment will be rendered accordingly.